# Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** ZARA USA, INC., a New York corporation;
*(AVISO AL DEMANDADO):* and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** REBECCA CASTILLO, an individual
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**4/23/2025 12:45 PM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By J. Porter, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*<br><br>Superior Court of California, County of Los Angeles  POMONA COURTHOUSE SOUTH<br>400 CIVIC CENTER PLAZA<br>POMONA, CA 91766<br>~~400 Civic Center Plaza~~<br>~~Pomona, California 91766~~ | CASE NUMBER:<br>*(Número del Caso)*<br>**25PSCV01457** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)* Joseph R. Manning, Jr. #223381

Manning Law, APC
26100 Towne Centre Drive, Foothill Ranch, CA 92610                                                    949-200-8755

| DATE:<br>*(Fecha)* **04/23/2025** | Clerk, by<br>*(Secretario)* David W. Slayton, Executive Officer/Clerk of Court<br>J. Porter | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Zara USA Inc
   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joseph R. Manning, Jr.          SBN: 223381<br>Manning Law, APC<br>26100 Towne Centre Drive, Foothill Ranch, CA 92610<br>TELEPHONE NO.: 949-200-8755          FAX NO.: 866-843-8308<br>EMAIL ADDRESS: disabilityrights@manninglawoffice.com<br>ATTORNEY FOR *(Name):* Rebecca Castillo | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/23/2025 12:45 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Porter, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 400 Civic Center Plaza
MAILING ADDRESS: 400 Civic Center Plaza
CITY AND ZIP CODE: Pomona, CA 91766
BRANCH NAME: Pomona Courthouse

CASE NAME: Rebecca Castillo v Zara USA, Inc., et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited      [ ] Limited<br>(Amount              (Amount<br>demanded           demanded is<br>exceeds $35,000)   $35,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>25PSCV01457<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [X] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 1: ONE
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case.

Date: 03/03/2025
Joseph R. Manning, Jr. #223381
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner
Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Rebecca Castillo v Zara USA, Inc., et al. | 25PSCV01457 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE Rebecca Castillo v Zara USA, Inc., et al. | | CASE NUMBER | |
|---|---|---|---|

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☑ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Rebecca Castillo v Zara USA, Inc., et al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Rebecca Castillo v Zara USA, Inc., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Rebecca Castillo v Zara USA, Inc., et al. | 25PSCV01457 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: □ 1 □ 2 □ 3 □ 4. □ 5. □ 6. ☒ 7. □ 8. □ 9. □ 10. □ 11 | ADDRESS: 1008 East Merced Avenue |
|---|---|
| CITY: West Covina | STATE: CA | ZIP CODE: 91790 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___EAST___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 01/08/2025

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Pomona Courthouse South
400 Civic Center Plaza, Pomona, CA 91766

PLAINTIFF:
REBECCA CASTILLO

DEFENDANT:
ZARA USA, INC., a New York corporation

## NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
04/24/2025
David W. Slayton, Executive Officer / Clerk of Court
By: _____ L. Olmos _____ Deputy

CASE NUMBER:
25PSCV01457

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 09/10/2025 | Time: 8:30 AM | Dept.: G |

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 04/24/2025 _____

_Salvatore Sirna_
Judicial Officer

## CERTIFICATE OF SERVICE    Salvatore Sirna / Judge

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Pomona _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Joseph R Manning
26100 Towne Centre DRIVE
Foothill Ranch, CA 92610

David W. Slayton, Executive Officer / Clerk of Court

Dated: 04/24/2025 _____

By _L. Olmos_
Deputy Clerk

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Pomona Courthouse South<br>400 Civic Center Plaza, Pomona, CA 91766 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/23/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Porter _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>25PSCV01457 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Salvatore  Sirna | G | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

David W. Slayton, Executive Officer / Clerk of Court

on 04/23/2025

   (Date)

By J. Porter_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Pomona Courthouse South<br><br>400 Civic Center Plaza, Pomona, CA 91766 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/24/2025<br>David W. Slayton, Executive Officer/Clerk of Court<br>By _____ L. Olmos _____ Deputy |
| PLAINTIFF(S):<br>REBECCA CASTILLO | |
| DEFENDANT(S):<br>ZARA USA, INC., a New York corporation | |
| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>25PSCV01457 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>09/10/2025</u> at <u>8:30 AM</u> in department<u>G</u> of this court, <u>Pomona Courthouse South</u>,
and show cause why sanctions should not be imposed for:

[✓]    Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✓]    To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>04/24/2025</u>

_____
Salvatore Sirna / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

LACIV 166 (Rev. 09/08)
LASC Approved 06-04

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
26100 Towne Centre Drive
Foothill Ranch, CA 92610
Office: (949) 200-8755
Fax: (866) 843-8308
DisabilityRights@manninglawoffice.com

Attorney for Plaintiff Rebecca Castillo

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/23/2025 12:45 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Porter, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

REBECCA CASTILLO, an individual,

Plaintiff,

v.

ZARA USA, INC., a New York
corporation; and DOES 1-10, inclusive,

Defendants.

Case No.:   25PSCV01457

**Complaint For Damages And Injunctive Relief For:**

1. **Violations of the Americans with Disabilities Act (42 U.S.C. § 12101, *et seq.*)**
2. **Violations of the Unruh Civil Rights Act (Cal. Civ. Code § 51, *et seq.*)**

Plaintiff REBECCA CASTILLO ("Plaintiff") alleges the following upon information and belief based upon investigation of counsel, except as to Plaintiff's own acts, which Plaintiff alleges upon personal knowledge:

**INTRODUCTION**

1.    Plaintiff is a visually-impaired and legally blind person who requires screen-reading software ("SRS") to read website content using a computer. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others

**COMPLAINT**

1

1   have no vision.

2       2.      Plaintiff brings this civil rights action against ZARA USA, INC., a New York

3   corporation, ("Defendant") for its failure to design, construct, maintain, and operate its website

4   (hereinafter the "Website" or "Defendant's Website" which shall refer to www.zara.com, and

5   any other website operated by or controlled by Defendant as well as any third party content

6   which is located on or used in connection with www.zara.com and any other website operated

7   by or controlled by Defendant, for the purposes described herein) to be fully accessible to and

8   independently usable by Plaintiff and other blind or visually-impaired people.

9       3.      Defendant's Website denies Plaintiff and other legally blind persons full and

10  equal access to the Website and therefore to its products and services offered thereby and in

11  conjunction with its brick-and-mortar location(s) in violation of Plaintiff's rights under the

12  Americans with Disabilities Act (the "ADA") and California's Unruh Civil Rights Act (the

13  "UCRA").

14      4.      Under the ADA, it is an act of discrimination to fail to ensure that the

15  privileges, advantages, accommodations, facilities, goods and services of any place of public

16  accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a

17  place of public accommodation. See: 42 U.S.C. § 12182(a). Discrimination is defined, inter

18  alia, as follows: "A failure to make reasonable modifications in policies, practices, or

19  procedures, when such modifications are necessary to afford goods, services, facilities,

20  privileges, advantages, or accommodations to individuals with disabilities, unless the

21  accommodation would work a fundamental alteration of those services and facilities. 42

22  U.S.C. § 12182(b)(2)(A)(ii)."

23      5.      The California Legislature provided a clear and statewide mandate for the

24  elimination of discrimination against individuals with disabilities when it enacted the Unruh

25  Civil Rights Act, Cal. Civ. Code § 51, *et seq.* Discrimination sought to be eliminated by the

26  UCRA includes barriers to full integration, independent living, and equal opportunity for

27  individuals with disabilities, which then necessarily includes barriers created by websites and

28  other places of public accommodation that are inaccessible to blind and visually-impaired

**COMPLAINT**
2

1 | individuals.

2 |     6.     Because Defendant's Website is not equally, independently, or fully accessible

3 | to blind and visually-impaired consumers in violation of the ADA and the UCRA, Plaintiff

4 | seeks a permanent injunction to cause a change in Defendant's corporate policies, practices,

5 | and procedures so that Defendant's Website will become and remain accessible to blind and

6 | visually-impaired consumers who require the use of SRS to access the Website.

7 | **JURISDICTION AND VENUE**

8 |     7.     Defendant conducted and continues to conduct substantial business in the State

9 | of California, County of Los Angeles, and Defendant's offending Website is available

10 | throughout California.

11 |     8.     Defendant conducts substantial business in Los Angeles County.

12 |     9.     A substantial portion of the conduct complained of herein occurred in this

13 | District.

14 | **PARTIES**

15 |     10.    Plaintiff, at all times relevant and as alleged herein, is a resident of California,

16 | County of Los Angeles. Plaintiff is legally blind and cannot use a computer without the

17 | assistance of SRS. However, Plaintiff is a proficient user of SRS and uses it to access the

18 | internet. Plaintiff has visited the Website on separate occasions using SRS. During Plaintiff's

19 | separate visits to Defendant's Website, Plaintiff encountered multiple access barriers which

20 | denied Plaintiff full and equal access to the facilities, goods, and services offered to the public

21 | and made available to the public on Defendant's Website. Due to the widespread access

22 | barriers Plaintiff encountered on Defendant's Website, Plaintiff has been deterred obtaining

23 | full and equal access to the Website.

24 |     11.    Plaintiff did not encounter, nor does she in any way base her claims alleged

25 | herein, upon the presence of any physical or architectural barrier in any public place of

26 | accommodation.

27 |     12.    Plaintiff wants to avail herself of Defendant's goods and services as offered on

28 | Defendant's Website, including the service that is the Website itself.

**COMPLAINT**
3

13.    Plaintiff also evaluated the Website for full and equal access to Plaintiff and other legally blind persons.

14.    Plaintiff is also a civil rights advocate for the disabled to determine compliance with the ADA.

15.    Plaintiff has filed multiple lawsuits against various operators of commercial websites as part of Plaintiffs advocacy work on behalf of the civil rights of visually-impaired persons.

16.    Plaintiff intends to continue to engage in such advocacy work into the foreseeable future to ensure that Defendant's commercial Website and others are fully and equally enjoyable to and usable by visually-impaired persons, including herself.

17.    Plaintiff is being deterred from patronizing the Defendant's Website and/or brick-and-mortar locations on particular occasions.

18.    Plaintiff has standing to sue Defendant under the UCRA.  As the California Supreme Court explained in *Angelucci v. Century Supper Club*, 41 Cal.4th 160 (2007),"an individual plaintiff has standing under the [Unruh Civil Rights] Act if he or she has been the victim of the defendant's discriminatory act." *Id.* at 175.

19.    Plaintiff is informed and believes, and thereon alleges Defendant is a New York corporation, and has its principal place of business in New York, New York.

20.    Defendant operates brick-and-mortar locations in Los Angeles County, California. Defendant's brick-and-mortar locations constitute places of public accommodation.

21.    Defendant's Website provides consumers with access to an array of goods, services, and information related to Defendant's brick-and-mortar locations including product descriptions, online ordering, video content, contact options, location information, career opportunities, pricing details, account sign-up, Loyalty Program sign-up, and/or many other benefits.

22.    The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.

1    23.    Each of the Defendants designated herein as a DOE is legally responsible for

2 the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to

3 reflect the true names and capacities of the DOE Defendants when such identities become

4 known.

5    24.    At all relevant times as alleged herein, each and every Defendant was acting as

6 an agent and/or employee of each of the other Defendants and was acting within the course

7 and/or scope of said agency and/or employment with the full knowledge and consent of each

8 of the Defendants.

9    25.    Each of the acts and/or omissions complained of herein were alleged and made

10 known to, and ratified by, each of the other Defendants (Defendant, together with any DOE

11 Defendants, are collectively referred to hereinafter as "Defendant" or "Defendants").

12    **VISUALLY-IMPAIRED PERSONS' ACCESS TO THE INTERNET**

13    26.    The Internet has become a significant source of information, a portal, and a tool

14 for conducting business, doing everyday activities such as shopping, learning, banking,

15 researching, as well as many other activities for sighted, blind and visually-impaired persons

16 alike.

17    27.    As an essential tool for many Americans, when accessible, the Internet provides

18 individuals with disabilities great independence.

19    28.    Blind persons are able to access websites using keyboards in conjunction with

20 SRS that vocalizes the visual information found on a computer screen.  This technology is

21 known as screen-reading software.

22    29.    Except for legally blind individuals whose residual vision allows them to use

23 magnification, screen-reading software is currently the only method a blind person can fully

24 and independently access the internet.

25    30.    Blind and visually-impaired users of Windows computers and devices have

26 several screen-reading software programs available to them.

27    31.    Job Access With Speech, otherwise known as "JAWS," is currently the most

28 popular, separately SRS available for Windows.

32.     For SRS to function, the information on a website must be capable of being rendered into text. If the website content is not capable of being rendered into text, the blind or visually-impaired user is unable to access the same content available to sighted users using their keyboards because they are unable to see the screen or manipulate a mouse.

33.     SRS is currently the only method a blind or visually-impaired person may independently access the internet, websites, and other digital content.

34.     If the website content is not capable of being rendered into text, the blind or visually-impaired user is unable to access and navigate the same content on a website or mobile app that is available to sighted users.

35.     There are well-established industry adopted guidelines for making websites accessible to visually-impaired people who require screen-reading software programs. These guidelines have existed for at least several years and are successfully followed by large business entities who want to ensure their websites are accessible to all persons.

36.     The Web Accessibility Initiative ("WAI"), an initiative of the World Wide Web Consortium developed guidelines on website accessibility.

37.     Through Section 508 of the Rehabilitation Act, the federal government also promulgated website accessibility standards. These guidelines, easily found on the Internet, recommend several basic components for making websites accessible, including, but not limited to: adding invisible Alt-text to graphics; ensuring all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible; and adding headings so blind and visually-impaired people can navigate websites and mobile applications just as sighted people do. Without these basic components, websites and mobile applications are inaccessible to a blind person using SRS.

38.     Common barriers encountered by blind and visually-impaired persons include, but are not limited to, the following:

a.   A text equivalent for every non-text element is not provided;

b.   Title frames with text are not provided for identification and navigation;

c.   Equivalent text is not provided when using scripts;

**COMPLAINT**

6

d. Forms with the same information and functionality as for sighted persons are not provided;

e. Information about the meaning and structure of content is not conveyed by more than the visual presentation of content;

f. Text cannot be resized without assistive technology up to 200 percent without loss of content or functionality;

g. If the content enforces a time limit, the user is not able to extend, adjust, or disable it;

h. Web pages do not have titles that describe the topic or purpose;

i. The purpose of each link cannot be determined from the link text alone or from the link text and its programmatically determined link context;

j. One or more keyboard operable user interface lacks a mode of operation where the keyboard focus indicator is discernible;

k. The default human language of each web page cannot be programmatically determined;

l. When a component receives focus, it may initiate a change in context;

m. Changing the setting of a user interface component may automatically cause a change of context where the user has not been advised before using the component;

n. Labels or instructions are not provided when content requires user input;

o. In content which is implemented by using markup languages, elements do not have complete start and end tags, elements are not nested according to their specifications, elements may contain duplicate attributes and/or any IDs are not unique;

p. Inaccessible Portable Document Format (PDFs); and,

q. The name and role of all User Interface elements cannot be programmatically determined; items that can be set by the user cannot be programmatically set; and/or notification of changes to these items is

1          not available to user agents, including screen-reading software.

2          39.    Binding California law recognizes website accessibility claims under the ADA

3    and the UCRA.

4          40.    In September 2019, California Court of Appeal in *Thurston v. Midvale Corp.*,

5    39 Cal. App. 5th 634 (2019), held that businesses are accountable for the inaccessibility of

6    websites and for content of third parties with whom they contract to provide services to

7    customers (map programs, reservations, sales etc.), that the trial court did not violate

8    defendant's due process rights by imposing WCAG 2.0 AA compliance standards for

9    injunctive relief, that the injunction was not overbroad or uncertain, and that plaintiff had

10   standing to obtain injunction under the Unruh Act because she visited the website and

11   encountered barriers to access. In June 2020, California Court of Appeal in *Martinez v. San*

12   *Diego County Credit Union*, 50 Cal.App.5th 1048 (2020), also held that there is a sufficient

13   nexus between a website and place of public accommodation if the website permits the

14   customer to research and prepare before going to the physical facility, including to make

15   informed decisions about its products and services.

16         41.    An abundance of other courts throughout California and the country have also

17   held that commercial websites and mobile applications must be accessible under the ADA and

18   UCRA.

19         42.    Each of Defendant's violations of the ADA constitutes a violation of the

20   UCRA.  Cal. Civ. Code § 51(f).

21                          **FACTUAL BACKGROUND**

22         43.    Defendant offers its commercial Website to the public.

23         44.    The Website offers features which should allow all consumers to access the

24   goods and services offered in connection with its brick-and-mortar locations.  The Website

25   itself is also a service offered to the public.

26         45.    The Website provides consumers with access to an array of goods, services, and

27   information related to Defendant's brick-and-mortar locations which include, but are not

28   limited to, the following: product descriptions, online ordering, video content, contact options,

1    location information, career opportunities, pricing details, account sign-up, Loyalty Program

2    sign-up, and/or many other benefits.

3        46.    Based on information and belief, it is Defendant's policy and practice to deny

4    Plaintiff, along with other blind or visually-impaired users, access to Defendant's Website, and

5    to therefore specifically deny the goods and services that are offered and integrated with

6    Defendant's brick-and-mortar locations and otherwise.

7        47.    Due to Defendant's failure and refusal to remove access barriers to its Website,

8    Plaintiff and visually-impaired persons have been and are still being denied equal access to

9    Defendant's brick-and-mortar locations and the numerous goods, services, privileges, and

10    benefits offered to the public through Defendant's Website, including the Website itself.

11        48.    Plaintiff cannot use a computer without the assistance of SRS.

12        49.    Plaintiff is a proficient user of SRS and uses it to access the Internet.

13        50.    Plaintiff's SRS is the current version and is up to date.

14        51.    Plaintiff has visited Defendant's Website on separate occasions using SRS.

15        52.    While attempting to navigate the Website, Plaintiff encountered multiple

16    accessibility barriers for blind or visually-impaired people that include, but are not limited to:

17        a.    The home page has graphics, links, and buttons that are not labeled or

18        are incorrectly labeled, or lack alternative text ("Alt-text"). Alt-text is

19        invisible code embedded beneath a graphical image on a website. Web

20        accessibility requires that Alt-text be coded with each picture so that

21        screen-reading software can speak the Alt-text where a sighted user sees

22        pictures. Alt-text does not change the visual presentation, but instead a

23        text box shows when the cursor moves over the picture. The lack of

24        Alt-text on these graphics prevents screen-readers from accurately

25        vocalizing a description of the graphics;

26        b.    Plaintiff encountered multiple unlabeled or mislabeled buttons and

27        links. Without descriptive alternate text, Plaintiffs, and other screen-

28        reader users, have no way to discern the purpose or function of the

button or link;

    c. Plaintiff encountered multiple pages containing insufficient navigational headings requiring Plaintiff to expend substantial additional time to access information;

    d. Plaintiff was unable to create an account because of an inaccessible signup system;

    e. Plaintiff encountered an inaccessible slideshow when attempting to access the Website requiring Plaintiff to expend substantial additional time to access information;

    f. Plaintiff encountered an accessibility widget on the Website; however, the widget did not help Plaintiff navigate the Website and access information;

    g. Plaintiff was unable to browse products because product links and descriptions were inaccessible to SRS;

    h. Plaintiff was unable to place an order because of an inaccessible order system;

    i. Plaintiff was unable to find a brick-and-mortar location because locations information was inaccessible to SRS.

53.    Due to the unlabeled buttons, lack of Alt-text, the structure of the headings and Website, cursor traps, and other barriers, Plaintiff was unable to fully and independently access the Website when visiting for the dual purpose of confirming compliance with the UCRA and ADA and to create an account, browse products, and place an order for pick up at the brick-and-mortar location in Arcadia, California.

54.    Plaintiff intended to place an order for children's apparel for pick up at Defendant's brick-and-mortar location in Arcadia, California. Due to the inaccessibility of Defendant's ordering system, Plaintiff was prevented from visiting Defendant's brick-and-mortar location and picking up children's apparel. Plaintiff was therefore deprived of equal enjoyment of Defendant's brick-and-mortar location.

55.     Since as early as March 22, 2025, March 23, 2025, and until the current date, during Plaintiff's separate visits to the Website, Plaintiff encountered multiple access barriers which denied Plaintiff full and equal access to the facilities, goods, and services offered to the public and made available to the public on the Website.

56.     Due to the widespread access barriers Plaintiff encountered on the Website, Plaintiff has been deterred, on a regular basis, from accessing the Website.  Similarly, the access barriers Plaintiff encountered on the Website have deterred Plaintiff from visiting Defendant's brick-and-mortar locations.

57.     If the Website were equally accessible to all, Plaintiff could independently navigate the Website as sighted individuals do.

58.     Having attempted to use the Website, Plaintiff has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and visually-impaired people.

59.     There are readily available, well established guidelines, available to Defendant on the Internet, for designing, constructing, and maintaining websites to be accessible to blind and visually-impaired persons. Other large business entities have used these guidelines, or have otherwise been able, to make their websites accessible, including but not limited to: adding Alt-text to graphics and ensuring that all functions can be performed using a keyboard. In addition, incorporating these basic changes and adding certain elements to Defendant's Website would not fundamentally alter the nature of Defendant's business nor would it result in an undue burden to Defendant. Because maintaining and providing a website where all functions can be performed using a keyboard would provide full, independent, and equal access to all consumers to the Website, Plaintiff alleges that Defendant has engaged in acts of discrimination including, but not limited to the following policies or practices:

   a.   Construction and maintenance of a website that is inaccessible to visually-impaired individuals, including Plaintiff;

   b.   Failure to construct and maintain a website that is sufficiently intuitive so as to be equally accessible to visually-impaired individuals, including

1    Plaintiff; and,

2        c.  Failure to take actions to correct these access barriers in the face of

3            substantial harm and discrimination to blind and visually-impaired

4            consumers, such as Plaintiff, as a member of a protected class.

5        60.    Although Defendant may currently have centralized policies for maintenance

6    and operation of the Website, Defendant lacks a plan and policy reasonably calculated to make

7    its website fully and equally accessible to, and independently usable by, blind and other

8    visually-impaired consumers, including Plaintiff.

9        61.    Without injunctive relief, Plaintiff and other visually-impaired consumers will

10   continue to be unable to independently use Defendant's Website in violation of their rights.

11       62.    Defendants continue to operate the Website while providing insufficient full

12   and equal access by legally blind persons, including Plaintiff and other persons with visual

13   impairments, and will continue to do so and thereby deny full and equal access to Plaintiff and

14   other legally blind persons until this Court orders appropriate injunctive relief compelling

15   compliance with the ADA.

16   **FIRST CAUSE OF ACTION**

17   **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

18   **42 U.S.C. SECTION 12101, ET SEQ.**

19       63.    Plaintiff re-pleads and incorporates by reference, as if fully set forth again

20   herein, the allegations contained in all prior paragraphs of this complaint. ZARA USA, INC. is

21   a public accommodation with the definition of Title III of the ADA, 42 USC § 12181.

22       64.    The Website provided by the Defendant is a service, privilege or advantage and

23   extension of ZARA USA, INC.'s physical presence and terrestrial services.

24       65.    When a business provides services such as a website, it must provide an

25   accessible website.

26       66.    Here, an accessible website has not been provided. A failure to provide an

27   accessible website is unlawful discrimination against persons with disabilities.

28       67.    ZARA USA, INC.'s failure to ensure that the accessible facilities were available

1  and ready to be used by the plaintiff is a violation of the law.

2      68.    Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth

3  and incorporated therein, Plaintiff requests relief as set forth below.

4                        **SECOND CAUSE OF ACTION**

5              **VIOLATION OF THE UNRUH CIVIL RIGHTS ACT,**

6                      **CAL. CIV. CODE § 51 ET SEQ.**

7                   **(By Plaintiff Against All Defendants)**

8      69.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged above

9  and each and every other paragraph in this Complaint necessary or helpful to state this cause of

10  action as though fully set forth herein.

11      70.    California Civil Code § 51 *et seq.* guarantees equal access for people with

12  disabilities to the accommodations, advantages, facilities, privileges, and services of all

13  business establishments of any kind whatsoever.  Defendant is systematically violating the

14  UCRA, Civil Code § 51 *et seq.*

15      71.    Defendant's brick-and-mortar locations are "business establishments" within

16  the meaning of the Civil Code § 51 *et seq.*  Defendant generates revenue through its Website.

17  Defendant's Website is a service provided by Defendant that is inaccessible to patrons who are

18  blind or visually-impaired like Plaintiff.  This inaccessibility denies blind and visually-

19  impaired patrons full and equal access to the facilities, goods, and services that Defendant

20  makes available to the non-disabled public, including the service of the Website itself.

21  Defendant is violating the UCRA, Civil Code § 51 *et seq.*, by denying visually-impaired

22  customers the goods and services provided on its Website.  These violations are ongoing.

23      72.    Defendants' actions constitute intentional discrimination against Plaintiff on the

24  basis of a disability, in violation of the UCRA, Civil Code § 51 *et seq.*, because of the

25  following: Defendant has constructed a website that is inaccessible to Plaintiff; Defendant

26  maintains the Website in this inaccessible format; and, Defendant has failed to take action to

27  correct and remove these barriers that cause discrimination to persons with Plaintiff's

28  disability.

---

**COMPLAINT**

13

1    73.    Defendant is also violating the UCRA, Civil Code § 51 *et seq.* because the

2    conduct alleged herein violates various provisions of the Americans with Disabilities Act, 42

3    U.S.C. § 12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325), as

4    set forth above.   Section 51(f) of the Civil Code provides that a violation of the right of any

5    individual under the ADA also constitutes a violation of the UCRA.

6    74.    The actions of Defendant violate UCRA, Civil Code § 51 *et seq.*, and Plaintiff

7    is therefore entitled to injunctive relief remedying the discrimination. Plaintiff expressly limits

8    the cost of injunctive relief sought to $50,000 or less.

9    75.    Plaintiff is entitled to statutory minimum damages pursuant to Civil Code § 52

10   for each and every offense; however, Plaintiff hereby expressly limits the amount of money

11   such that the total amount Plaintiff seeks to for each and every offense shall not exceed

12   $24,999.00.

13   76.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

14                                   **PRAYER**

15   **WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:**

16   1.    A Declaratory Judgment that at the commencement of this action Defendant

17   owns, maintains, and/or operates its Website in a manner which discriminates against the

18   blind, fails to provide access to blind or visually-impaired individuals, and that Defendant took

19   no action that was reasonably calculated to ensure that its Website is fully accessible to, and

20   independently usable by blind and visually-impaired individuals in violation of the ADA and

21   the UCRA;

22   2.    Preliminary and permanent injunctive relief as permitted by the ADA (42 U.S.C

23   § 12181); however, Plaintiff hereby expressly limits the injunctive relief to require that

24   Defendant expend no more than $50,000 thereon;

25   3.    Plaintiff seeks no relief related to any architectural barriers to access in this

26   Complaint and expressly limits all claims to injunctive relief to modifications of Defendant's

27   policies and procedures related to the Website;

28   4.    An award of statutory minimum statutory damages of not less than $4,000 per

---

**COMPLAINT**
14

violation pursuant to § 52(a) of the California Civil Code; **Note**: Plaintiff is not invoking California Civil Code § 55 and is not seeking injunctive relief under the Disabled Persons Act or the Unruh Civil Rights Act at all.

5.      As an additional violation, minimum statutory damages of not less than $4,000.00 for deterrence; and

6.      For reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205 and Civil Code Section 52.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

Dated:   April 22, 2025                    **MANNING LAW, APC**

By: _____

Joseph R. Manning Jr., Esq.

Attorney for Plaintiff

**COMPLAINT**
15

 *Superior Court of California, County of Los Angeles*
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

<u>**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**</u>
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

## Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )     FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

1    d) Documents in Related Cases

2       Documents in related cases must be electronically filed in the eFiling portal for that case type if

3       electronic filing has been implemented in that case type, regardless of whether the case has

4       been related to a Civil case.

5  3) EXEMPT LITIGANTS

6    a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7       from mandatory electronic filing requirements.

8    b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9       Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10      from filing documents electronically and be permitted to file documents by conventional

11      means if the party shows undue hardship or significant prejudice.

12  4) EXEMPT FILINGS

13    a) The following documents shall not be filed electronically:

14      i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15        Civil Procedure sections 170.6 or 170.3;

16      ii) Bonds/Undertaking documents;

17      iii) Trial and Evidentiary Hearing Exhibits

18      iv) Any ex parte application that is filed concurrently with a new complaint including those

19        that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20      v) Documents submitted conditionally under seal. The actual motion or application shall be

21        electronically filed. A courtesy copy of the electronically filed motion or application to

22        submit documents conditionally under seal must be provided with the documents

23        submitted conditionally under seal.

24    b) Lodgments

25      Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26  paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27  //

28  //

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i)    Depositions;

    ii)   Declarations;

    iii)  Exhibits (including exhibits to declarations);

    iv)  Transcripts (including excerpts within transcripts);

    v)   Points and Authorities;

    vi)  Citations; and

    vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1  11)  SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3   Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4   Division of the Los Angeles County Superior Court.

5

6       This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    <span style="font-size:smaller">(INSERT DATE)</span>                                    <span style="font-size:smaller">(INSERT DATE)</span>
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| Print | Save |
|---|---|

| Clear |
|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br><br><br>

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]    [ Save ]    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                         FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

➤ _____
    (ATTORNEY FOR PLAINTIFF)

_____
    (TYPE OR PRINT NAME)

Date:

➤ _____
    (ATTORNEY FOR DEFENDANT)

_____
    (TYPE OR PRINT NAME)

Date:

➤ _____
    (ATTORNEY FOR DEFENDANT)

_____
    (TYPE OR PRINT NAME)

Date:

➤ _____
    (ATTORNEY FOR DEFENDANT)

_____
    (TYPE OR PRINT NAME)

Date:

➤ _____
    (ATTORNEY FOR _____)

_____
    (TYPE OR PRINT NAME)

Date:

➤ _____
    (ATTORNEY FOR _____)

_____
    (TYPE OR PRINT NAME)

Date:

➤ _____
    (ATTORNEY FOR _____)

_____
    (TYPE OR PRINT NAME)

## THE COURT SO ORDERS.

Date: _____

_____
    JUDICIAL OFFICER



Print      Save                                    Clear

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK
*N. Navarro*
BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_
Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

DAL-005

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|
| NAME: | | |
| FIRM NAME: | | |
| STREET ADDRESS: | | |
| CITY: STATE: ZIP CODE: | | |
| TELEPHONE NO.: FAX NO.: | | |
| E-MAIL ADDRESS: | | |
| ATTORNEY FOR (name): | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
    STREET ADDRESS:
    MAILING ADDRESS:
    CITY AND ZIP CODE:
    BRANCH NAME:

    PLAINTIFF:

    DEFENDANT:

| **DEFENDANT'S APPLICATION PURSUANT TO CIVIL CODE SECTION 55.54 FOR ☐ STAY AND EARLY EVALUATION CONFERENCE ☐ JOINT INSPECTION** | CASE NUMBER: |
|---|---|

*(Information about this application and filing instructions may be obtained at www.courts.ca.gov/selfhelp.htm.)*

1. Defendant *(name):* _____ requests a stay of proceedings and early evaluation conference pursuant to Civil Code section 55.54.

2. The complaint in this case alleges a construction-related accessibility claim as defined under Civil Code section 55.52(a)(1).

3. The claim concerns a site that meets one of the following sets of requirements *(All items in one of a, b, c, or d must be checked for the court to order a stay and early evaluation conference. Check a box if the statement is true.)*

    a. ☐ **CASp-Inspected Site**

        (1) ☐ Site has been inspected by a Certified Access Specialist (CASp) and determined to be CASp inspected or CASp determination pending, and if CASp inspected, there have been no modifications completed or commenced since the date of inspection that may impact compliance with construction-related accessibility standards to the best of defendant's knowledge; and

        (2) ☐ An inspection report by a Certified Access Specialist (CASp) relating to the site has been issued.

    b. ☐ **New Construction**

        (1) ☐ Site has had new construction or improvements on or after January 1, 2008, approved pursuant to the local building permit and inspection process;

        (2) ☐ To the best of defendant's knowledge, there have been no modifications or alterations completed or commenced since that approval that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim; and

        (3) ☐ All violations have been corrected, or will be corrected within **60 days** of defendant's being served with the complaint.

    c. ☐ **Small Business**

        (1) ☐ Site is owned or occupied by a defendant that is a small business that has employed an average of 25 or fewer employees over the past three years and meets the gross receipts eligibility criteria provided in Civil Code section 55.56(2)(f);

        (2) ☐ All violations have been corrected, or will be corrected within **30 days** of being served with the complaint; and

        (3) ☐ Evidence showing that all violations have been corrected *(check one)* ☐ is attached ☐ will be filed with the court within **10 days** of the court order setting an early evaluation conference.

        (4) I am filing the following with the court along with this application: *(The documents should be filed separately attached to a Confidential Cover Sheet and Declaration (form DAL-006).)*

            ☐ Proof of the number of defendant's employees as shown by wage reports forms filed with the Employment Development Department over the past three years or for existence of the business if less than three years; and

            ☐ Proof of defendant's average gross receipts as shown by federal or state tax documents for the three years before this application or for existence of the business if less than three years.

Page 1 of 2

**DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS
AND EARLY EVALUATION CONFERENCE, JOINT INSPECTION
(Disability Access Litigation)**

Civil Code, § 55.54 .
www.courts.ca.gov

DAL-005

| PLAINTIFF:<br>DEFENDANT: | CASE NUMBER: |
|---|---|

3.  d. ☐ **Case Filed by High-Frequency Litigant**
    (1) ☐   Site is owned or occupied by a defendant that is a business.
    (2) ☐   The complaint was filed by, or on behalf of, a "high-frequency litigant," as defined in Code of Civil Procedure section
            425.55(b), asserting a construction-related accessibility claim including, but not limited to, a claim brought under Civil
            Code section 51, 54, 54.1, or 55.
    (3) ☐   The complaint includes a statement that it was filed by or on behalf of a high-frequency litigant, or a statement in the
            caption that "action subject to the supplemental fee in Government Code section 70616.5."

4.  Defendant requests that the court:
    a.  Stay the proceedings relating to the construction-related accessibility claim.
    b.  Schedule an early evaluation conference.
    c.  Order defendant to:
        (1) File a confidential copy of the Certified Access Specialist (CASp) report with the court and serve a copy of the report on the
            plaintiff at least **15** days before the date of the early evaluation conference, which shall be kept confidential as set forth in
            Civil Code section 55.54(d)(4); or
        (2) File with the court and serve on plaintiff evidence showing correction of all violations within **10** days of completion of the
            correction or, if seeking relief as a small business, within **10** days after issuance of a court order granting a stay.
    d.  Order plaintiff to file with the court and serve on defendants the statement required by Civil Code section 55.54(d)(6) at least **15**
        days before the date of the early evaluation conference.
    e.  ☐  Order plaintiff and plaintiff's counsel, if any, to meet in person with defendant within 30 days, at the site that is the subject
           of this action, for a joint inspection to review any issues that plaintiff claims are a violation of construction-related
           accessibility standards.

Date:

_____        ▶ _____
(TYPE OR PRINT NAME OF DECLARANT)          (SIGNATURE OF DECLARANT)


### DECLARATION OF DEFENDANT

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____        ▶ _____
(TYPE OR PRINT NAME OF DECLARANT)          (SIGNATURE OF DECLARANT)


**DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS**
          **AND EARLY EVALUATION CONFERENCE, JOINT INSPECTION**
                       **(Disability Access Litigation)**

ADVISORY NOTICE TO DEFENDANT

YOU MAY BE ENTITLED TO ASK FOR A COURT STAY (AN ORDER TEMPORARILY
STOPPING ANY LAWSUIT) AND EARLY EVALUATION CONFERENCE IN THIS
LAWSUIT AND MAY BE ASSESSED REDUCED STATUTORY DAMAGES IF YOU MEET
CERTAIN CONDITIONS.

If the construction-related accessibility claim pertains to a site that has a Certified
Access Specialist (CASp) inspection report for that site, or to a site where new
construction or improvement was approved after January 1, 2008, by the local
building permit and inspection process, you may make an immediate request for a
court stay and early evaluation conference in the construction-related accessibility
claim by filing the attached application form with the court. You may be entitled to
the court stay and early evaluation conference regarding the accessibility claim only
if ALL of the statements in the application form applicable to you are true.

FURTHER, if you are a defendant described above (with a CASp inspection report or
with new construction after January 1, 2008), and, to the best of your knowledge,
there have been no modifications or alterations completed or commenced since the
CASp report or building department approval of the new construction or
improvement that impacted compliance with construction-related accessibility
standards with respect to the plaintiff's claim, your liability for minimum statutory
damages may be reduced to $1,000 for each offense, unless the violation was
intentional, and if all construction-related accessibility violations giving rise to the
claim are corrected within 60 days of being served with this complaint.

ALSO, if your business has been served with a complaint filed by a high-frequency
litigant, as defined in subdivision (b) of Section 425.55 of the Code of Civil
Procedure, asserting a construction-related accessibility claim, including, but not
limited to, a claim brought under Section 51, 54, 54.1, or 55 of the Civil Code, you
may also be entitled to a court stay and an early evaluation conference. If you
choose to request a stay and early evaluation conference, you may also request to
meet in person with the plaintiff and counsel for both parties, as well as experts if
the parties so elect, at the subject premises no later than 30 days after issuance of
the court order to jointly inspect the portions of the subject premises and review
any conditions that are claimed to constitute a violation of a construction-related
accessibility standard.

IN ADDITION, if your business is a small business that, over the previous three
years, or the existence of the business if less than three years, employs 25 or fewer
employees on average over that time period and meets specified gross receipts
criteria, you may also be entitled to the court stay and early evaluation conference
and your minimum statutory damages for each claim may be reduced to $2,000 for
each offense, unless the violation was intentional, and if all the alleged
construction-related accessibility violations are corrected within 30 days of being
served with the complaint.

If you plan to correct the violations giving rise to the claim, you should take
pictures and measurements or similar action to document the condition of the

physical barrier asserted to be the basis for a violation before undertaking any corrective action in case a court needs to see the condition of a barrier before it was corrected.

The court will schedule the conference to be held within 70 days after you file the attached application form.

The court will also issue an immediate stay of the proceedings unless the plaintiff has obtained a temporary restraining order in the construction-related accessibility claim. You may obtain a copy of the application form, filing instructions, and additional information about the stay and early evaluation conference through the Judicial Council Internet Web site at www.courts.ca.gov/selfhelp-start.htm.

You may file the application after you are served with a summons and complaint, but no later than your first court pleading or appearance in this case, which is due within 30 days after you receive the summons and complaint. If you do not file the application, you will still need to file your reply to the lawsuit within 30 days after you receive the summons and complaint to contest it. You may obtain more information about how to represent yourself and how to file a reply without hiring an attorney at www.courts.ca.gov/selfhelp-start.htm.

You may file the application without the assistance of an attorney, but it may be in your best interest to immediately seek the assistance of an attorney experienced in disability access laws when you receive a summons and complaint. You may make an offer to settle the case, and it may be in your interest to put that offer in writing so that it may be considered under Section 55.55 of the Civil Code.

DAL-001

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. People with visual impairments can get assistance in viewing this form through the judicial branch website, at *www.courts.ca.gov.*

California law requires that you receive this information because the demand letter or court complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of people with disabilities to access public places.

**YOU HAVE IMPORTANT LEGAL OBLIGATIONS.** Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect, at *www.dgs.ca.gov/dsa.* Information is also available from the California Commission on Disability Access at *www.ccda.ca.guide.htm.*

**YOU HAVE IMPORTANT LEGAL RIGHTS.** The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present an explanation of why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim.

You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.

**ADDITIONAL THINGS YOU SHOULD KNOW:** ATTORNEY MISCONDUCT. Except for limited circumstances, state law generally requires that a prelitigation demand letter from an attorney MAY NOT MAKE A REQUEST OR DEMAND FOR MONEY OR AN OFFER OR AGREEMENT TO ACCEPT MONEY. Moreover, a demand letter from an attorney MUST INCLUDE THE ATTORNEY'S STATE BAR LICENSE NUMBER.

If you believe the attorney who provided you with this notice and prelitigation demand letter is not complying with state law, you may send a copy of the demand letter you received from the attorney to the State Bar of California by facsimile transmission to 1-415-538-2171, or by mail to the State Bar of California, 180 Howard Street, San Francisco, CA 94105, Attention: Professional Competence.

Form Adopted for Mandatory Use
Judicial Council of California
DAL-001 [Rev. July 1, 2016]

**IMPORTANT ADVISORY INFORMATION
FOR BUILDING OWNERS AND TENANTS
(Disability Access Litigation)**

Civil Code, § 55.3
www.courts.ca.gov

## STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT
## ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

REDUCING YOUR DAMAGES. If you are a small business owner and correct all of the construction-related violations that are the basis of the complaint against you within 30 days of being served with the complaint, you may qualify for reduced damages. You may wish to consult an attorney to obtain legal advice. You may also wish to contact the California Commission on Disability Access for additional information about the rights and obligations of business owners.

COMMERCIAL TENANT. If you are a commercial tenant, you may not be responsible for ensuring that some or all portions of the premises you lease for your business, including common areas such as parking lots, are accessible to the public because those areas may be the responsibility of your landlord. You may want to refer to your lease agreement and consult with an attorney or contact your landlord, to determine if your landlord is responsible for maintaining and improving some or all of the areas you lease.

For your protection and privacy, please press the Clear This Form button after you have printed the form.    Print this form    Save this form    Clear this form